USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | | |
|---|---|---|
| NOREX PETROLEUM LIMITED, | : | |
| Plaintiff, | : | **MEMORANDUM and ORDER** |
| -against- | : | 02 Civ. 1499 (LTS)(KNF) |
| ACESS INDUSTRIES, INC., ET AL., | : | |
| Defendants. | : | |

------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

In this action, the plaintiff alleges that the defendants are and have been participating in an international conspiracy, which has damaged the plaintiff by, <u>inter alia</u>, wrestling majority control of a Russian oil company from it. Several of the defendants have made motions seeking dismissal of the plaintiff's complaint for want of personal jurisdiction. Those motions are being resolved by the assigned district judge.

Before the Court is an application by the plaintiff that it be permitted "to conduct limited discovery in the form of interrogatories, document requests, and depositions regarding certain defendants related to their motions contesting personal jurisdiction." The defendants oppose the plaintiff's application. They contend that, inasmuch as their motions to dismiss the action on jurisdictional grounds do not challenge the factual allegations in the plaintiff's complaint, that is, they have asked the court to accept those allegations as true for the purpose of deciding their respective motions, discovery is unnecessary. The defendants maintain that this is so because, in

-1-

resolving the motions, the assigned district judge is required to look only to the plaintiff's complaint to determine whether a prima facie case of personal jurisdiction over the moving defendants has been established by the plaintiff. The plaintiff counters that, in connection with the instant application for limited discovery, the Court need not determine whether it has established a prima facie case of personal jurisdiction -- a matter the parties concede is before the assigned district judge for resolution as part of the analysis of the pending motions to dismiss -- but need only determine whether it has made a "threshold showing that there is some basis for the assertion of jurisdiction [by alleging] facts that would support a colorable claim of jurisdiction." Daval Steel Prods. V. M.V. Juraj Dalmatinac, 718 F.Supp. 159, 162 (S.D.N.Y. 1989).

The parties made written submissions to the Court in support of and in opposition to the plaintiff's application to conduct limited discovery. The Court has considered those writings. As a result, the Court finds that the resolution of the instant application would, of necessity, require it to trample upon the province of the court that is considering the motions to dismiss because the Court would be required to resolve an issue that is at the heart of the personal jurisdiction motions: the degree of specificity in the allegations made in the plaintiff's complaint. A determination by the Court that the allegations in the plaintiff's complaint are or are not sufficiently specific to entitle it to discovery on the jurisdictional issue clearly has implications for the analysis of the motions that the assigned district judge has undertaken to perform. Thus, a determination such as the plaintiff seeks from the Court here invites an inappropriate intrusion by the Court into the decision-making process of the assigned district judge. To avoid such a circumstance, and in order to afford the assigned district judge an unencumbered opportunity to

analyze and resolve the motions to dismiss for lack of personal jurisdiction, the plaintiff's application for limited discovery is denied.

Dated: New York, New York
August 11, 2006

SO ORDERED:

*[signature: Kevin Nathaniel Fox]*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Peter J. W. Sherwin, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036

Bruce S. Marks, Esq.
Marks & Sokolov, LLC
1835 Market Street - - 6th Floor
Philadelphia, PA 19103

Kim Koopersmith, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

Kyle W. Mooney, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

Owen C. Pell, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787

John F. Cambria, Esq.
Alston & Bird LLP
90 Park Avenue
New York, NY 10016

Myles K. Bartley, Esq.
Curtis, Mallet-Prevost, Colt
  & Mosle LLP
101 Park Avenue
New York, NY 10178

Eric J. Grannis, Esq.
The Law Offices of Eric J. Grannis
620 Fifth Avenue
New York, NY 10020

Janis M. Meyer, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019-6092

Frederic S. Newman, Esq.
Hoguet Newman & Regal LLP
10 East 40th Street
New York, NY 10016

Katherine L. Halpin, Esq.
Squire, Sanders & Dempsey LLP
1201 Pennsylvania Avenue, N.W.
P.O. Box 407
Washington, D.C. 20044-0407

Kenneth Dana Greenwald, Esq.
Reed Smith LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022

Daryl Libow, Esq.
Sullivan & Cromwell LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006