UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

NOREX PETROLEUM LIMITED,       :

             Plaintiff,      :      **MEMORANDUM and ORDER**

        -against-      :      02 Civ. 1499 (LTS)(KNF)

ACCESS INDUSTRIES, INC., ET AL.,   :

           Defendants.     :
-------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

In this action, plaintiff Norex Petroleum Limited ("Norex") alleged the defendants

participated in an international conspiracy, violated Russian law and the Racketeer Influenced

and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., in an effort, inter alia, to obtain

majority control of a Russian oil company from Norex. Norex's first amended complaint was

dismissed by the assigned district judge, for lack of subject matter jurisdiction. Norex has

appealed from that determination to the Second Circuit Court of Appeals. The parties are

awaiting that court's decision on the appeal.

Before the Court is a Fed. R. Civ. P. 27(b) motion by Norex, for an order permitting it to

depose John Irving ("Irving"), for three days, to perpetuate his testimony for use in the event of

further proceedings in this court. On June 3, 2009, a telephonic conference was held with the

parties, at which the Court entertained argument on the motion.

## BACKGROUND

Irving is a United Kingdom citizen, who does not reside in the United States. On April

21, 2009, he was convicted, upon a plea of guilty, for violating Title 18 U.S.C. §§ 545 and 2, by

unlawfully facilitating the transportation and sale of merchandise into the United States knowing

the same had been brought into this country contrary to law.  According to Norex, immediately

upon tendering the guilty plea, Irving left the United States, under bail conditions fixed by the

judicial officer assigned to the criminal action, but is expected to return to the United States for

his sentencing proceeding, which is scheduled for June 5, 2009.

Norex alleges Irving has information that is relevant and important to the instant civil

action, owing to his former positions as an executive with, and a member of the management

committee of, Crown Commodities Limited ("CCL"), an entity that is not a party to this action,

but is owned by defendant Crown Financial Foundation and its affiliated companies.  Norex

speculates that, "[i]f Irving is not incarcerated [in the United States] (or [if he is imprisoned and]

is released prior to any decision by the Second Circuit), he will likely return to the United

Kingdom and become unavailable to provide testimony in this case, . . . by fighting Norex's

attempt to depose him in the United Kingdom, [] assuming Norex could obtain his address and

serve process on him."[1]

Norex contends that obtaining testimony from Irving in the United Kingdom would be

burdensome, requiring it to comply with "the Hague Convention on the Taking of Evidence

Abroad in Civil or Commercial Matters ("Hague Convention"), [and] with English law [,which

would govern] the resulting deposition."  The prospect of having to proceed pursuant to the

---

[1]During the June 3, 2009 conference, Norex revealed that, other than reviewing the criminal case court file, it has made no additional effort to ascertain Irving's United Kingdom address or the whereabouts of other CCL management committee members.  Moreover, Norex has not established Irving possesses knowledge or information that is unique or that he is the only CCL management committee member who possesses such knowledge or information.

Hague Convention is "troubling" to Norex because, under English law, its "counsel does not necessarily have the right to question Irving," and Irving's examiner would be constrained to pose questions to Irving "that are not 'of the nature that could properly be asked by counsel examining a witness-in-chief at a trial before the High Court of England and Wales.'" Moreover, "[s]hould Irving refuse to answer a question for any reason, an English court would resolve the ensuing dispute instead of this Court." Norex wants any inquiry of Irving supervised by an American judge applying United States law.

The defendants oppose Norex's motion. They contend it is the latest effort in Norex's "campaign to circumvent [the] Court's stay of discovery," imposed upon the parties, prior to the dismissal of the first amended complaint. According to the defendants, the motion is not really an endeavor to perpetuate known testimony, as contemplated by Fed. R. Civ. P. 27(b), because Norex has not proffered any facts to support such a finding; rather, it is an attempt by Norex to: (i) do indirectly what it cannot do directly, to wit, conduct discovery per Fed. R. Civ. P. 26; and (ii) vitiate the Hague Convention procedures, which are employed routinely and effectively by American litigators. The defendants assert, that if this action is not remanded by the Second Circuit Court of Appeals, the deposition of Irving will amount to a futile exercise. Furthermore, the defendants maintain "Irving is immune from service of process in the Norex case while he is in the United States solely for sentencing in a separate [unrelated] federal criminal proceeding." Consequently, "the subpoena Norex proposes to serve on Mr. Irving is improper." In addition, according to the defendants, "Norex has also failed to provide any supporting authority for permitting Rule 27(b) to be invoked in these circumstances."

For its part, Norex contends the defendants lack standing to challenge its attempt to depose Irving. Moreover, according to Norex, if a valid process-serving privilege exists, it is Irving's and only he can assert or waive the privilege.

## DISCUSSION

Fed. R. Civ. P. 27 provides a means for perpetuating testimony, inter alia, when an appeal is pending. In its most pertinent part, the Rule provides the following:

> (1) The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court.
> (2) The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court. The motion must show:
> (A) the name, address and expected substance of the testimony of each deponent; and
> (B) the reasons for perpetuating the testimony.
> (3) If the Court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35. The depositions may be taken and used as any other deposition taken in the pending district court action.

Fed. R. Civ. P. 27(b)(1), (2).

By its express language, a motion made pursuant to Fed. R. Civ. P. 27(b) "must show," inter alia, the address of the person to be deposed. Norex's motion fails to show the address of Irving, the contemplated deponent. Therefore, Norex's motion is defective. This alone militates against granting the motion. In any event, "[t]he general rule [is] that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another." Lamb v. Schmitt, 285 U.S. 222, 225, 52 S. Ct. 317, 318 (1932). "As commonly stated and applied, [the Rule] proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a

cause pending before it, by the service of process in other suits, which would prevent, or the fear

of which might tend to discourage, the voluntary attendance of those whose presence is necessary

or convenient to the judicial administration in the pending litigation." Id. at 225, 52 S. Ct. at

318. Federal jurisprudence, from this judicial circuit, informs that the character of the witness'

appearance, that is, whether it is voluntary or involuntary, should not be the governor of the

application of the immunity privilege. "[T]he proper test is not, [], whether the appearance be

voluntary or not, but whether the privilege will promote the purposes of justice." Dwelle v.

Allen, 193 F. 546, 548-49 (S.D.N.Y. 1912); see also, McDonnell v. American Leduc Petroleums,

Ltd., 456 F.2d 1170, 1179 (2d Cir. 1972) (acknowledging immunity from service may be granted

to witnesses whose appearance is either voluntary or involuntary); Ungar v. The Palestinian

Authority, 396 F. Supp. 2d 376, 380 (S.D.N.Y. 2005) (same).

The determination to grant or deny a motion made pursuant to Fed. R. Civ. P. 27 is left to

the discretion of the Court. See General Bd. of Global Ministries of the United Methodist

Church v. Cablevision Lightpath, Inc., No. CV 06-3669, 2006 WL 3479332, at *4 (E.D.N.Y.

Nov. 30, 2006). Before exercising that discretion to grant the motion, the Court must be

persuaded that the movant has demonstrated "a specific need to preserve the testimony, and that a

loss of the testimony would result in a failure of justice." United States v. Van Rossem, 180

F.R.D. 245, 247 (W.D.N.Y. 1998); Petition of Ferkauf, 3 F.R.D. 89, 90 (S.D.N.Y. 1943). Norex

asserts it must be allowed to perpetuate Irving's testimony, while he is in this judicial district for

sentencing in an unrelated criminal action, because it anticipates securing his testimony, under

the Hague Convention, if necessary, will be cumbersome and "troubling." The difficulty Norex

anticipates it may face, if it is required to employ the Hague Convention procedures in order to

obtain Irving's testimony, does not establish Irving's testimony would be lost to Norex, if the instant motion is denied. Since it does not know precisely where Irving resides in the United Kingdom, Norex fears it may be unable to locate him to obtain his testimony should he be at liberty either immediately following the sentencing proceeding, or subsequent to the resolution of the pending appeal. However, during the June 3, 2009 conference, held by the Court to address the instant motion with the parties, Norex acknowledged it has not engaged an investigator or taken any other steps, other than reviewing the criminal action court file, to ascertain Irving's address. Thus, Norex's fear is a function of the meager effort it has employed to locate Irving for the purpose of deposing him, should that exercise prove necessary, in the future.

Based upon the written submissions of the parties and the arguments urged for and against permitting Norex to perpetuate Irving's testimony, while he is present in this judicial district for his sentencing proceeding, the Court finds that Norex has not met its burden of demonstrating that the testimony of Irving it seeks to perpetuate will be lost and a concomitant failure of justice will attend, if the instant motion is not granted. Therefore, Norex's Fed. R. Civ. P. 27(b) motion, Docket Entry No. 323, is denied.

Dated: New York, New York
      June 4, 2009

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies sent via facsimile to:

Bruce S. Marks, Esq.
Kim Kooperstein, Esq.